IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL J. LOOMIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 06-0157-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Idaho state prisoner Michael J. Loomis has filed a Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2254.  The Court is required to screen the

Petition to determine whether it is subject to summary dismissal.  *See* Rule 4 of the

Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it

plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court."  *Id.*

## REVIEW OF THE PETITION

After a jury trial in state district court, Petitioner was convicted of six counts

of burglary.  The jury also found Petitioner to be a persistent violator of the law,

which subjected him to a sentencing enhancement.  On three of the burglary

counts, the state court sentenced Petitioner to concurrent sentences of life in prison,

**INITIAL REVIEW ORDER - 1**

with the first ten years fixed, and on the remaining three counts the court sentenced him to ten years determinate, again running concurrently with each other but consecutively to the ten-to-life sentences.  Petitioner's direct appeal to the Idaho Court of Appeals was unsuccessful, and the Idaho Supreme Court declined to review the case.  The Remittitur issued on February 28, 2006.

On April 19, 2006, Petitioner filed his Habeas Corpus Petition, raising thirteen claims for relief.[1]  The Court has reviewed the Petition and concludes that it will not be dismissed at this time.  Accordingly, the Clerk of Court shall serve a copy of the Petition and its attachments on Respondent Warden Blades, who shall file an answer or other appropriate responsive motion within 60 days of the date of this Order.  Respondent shall also supply the relevant portions of the state court record.

## PETITIONER'S MOTIONS

Petitioner has requested in forma pauperis status.  The Court has reviewed Petitioner's Prison Trust Account Statement and concludes that the application to proceed in forma pauperis shall be granted.

---

[1]  The case was originally assigned to a judge outside of the District of Idaho, but has since been reassigned to the undersigned judge.  (Docket Nos. 7 & 17.)

**INITIAL REVIEW ORDER - 2**

Petitioner has also requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  The Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See, e.g., Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Although Petitioner contends that the legal resources at the prison are inadequate, he has been able to articulate his claims clearly in his Petition and supporting documents.  In addition, the likelihood of success on any of his claims is unclear at this early stage in the proceeding.  Therefore, the Court will deny the request for counsel, but will reconsider the issue later, if necessary.

Next, Petitioner has filed a series of motions seeking orders from the Court requiring Respondent to include certain pleadings, documents, and transcripts in the lodging of the state court record, to file an index with the lodging, and to provide Petitioner with copies of selected items.  Other than requiring Respondent to comply with all applicable rules, including Rule 5 of the Rules Governing Section 2254 Cases, the Court will not preemptively dictate the particular manner

**INITIAL REVIEW ORDER - 3**

in which Respondent compiles and lodges the record.  After Respondent has filed his response, and if Petitioner believes that he cannot adequately reply because of perceived deficiencies in the record or because of a lack of access to particular documents, he may then renew these or similar motions.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application for in Forma Pauperis Status (Docket No. 9) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 8) is DENIED.

IT IS FURTHER ORDERED that the following Motions are DENIED without prejudice: Petitioner's Motion for Transcripts (Docket No. 2), Petitioner's Motion for an Index of Respondent's Lodgment (Docket No. 11), Petitioner's Motion for an Order Requiring Respondents to Include a Copy of Petitioner's Initial Appeal Brief (Docket No. 12), and Petitioner's Motion for Copies of Documents (Docket No. 13).

IT IS FURTHER ORDERED that  that the Clerk of Court shall serve the Petition for Writ of Habeas Corpus (Docket No. 1) with a copy of this Order on the Attorney General for the State of Idaho, on behalf of Respondent Blades, as follows:

**INITIAL REVIEW ORDER - 4**

L. LaMont Anderson
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010.

If service of the Petition has previously been made to the Attorney General, the Clerk of Court need not send an additional copy unless requested.

IT IS FURTHER ORDERED that Respondent shall file an answer or other appropriate responsive motion within 60 days after entry of this Order. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that are relevant to a determination of the issues presented, in accordance with all applicable rules, including Habeas Rule 5. Any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER ORDERED that if Respondent opts to file a motion to dismiss instead of an answer, Petitioner shall file a responsive brief within 30 days after service of Respondent's motion. Respondent may file a reply within 14 days after service of the response. The Court will resolve the matter and, if necessary, will issue a new scheduling order for the filing of an answer.

IT IS FURTHER ORDERED that if Respondent instead files an answer to the Petition, the parties shall file all dispositive motions within 30 days after the

**INITIAL REVIEW ORDER - 5**

answer is filed.  A dispositive motion, such as a motion for summary judgment, shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

IT IS FURTHER ORDERED that all pleadings and briefing shall comply with applicable rules, including the Local Rules of the District of Idaho.  No supplemental briefs, responses, replies, or notices not contemplated by the Rules shall be filed without leave of Court.  The deadlines in this Order supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."

**INITIAL REVIEW ORDER - 6**

IT IS FURTHER ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.  The failure to do so may result in dismissal.

DATED:  **September 25, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER - 7**