IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL J. LOOMIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-157-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| RANDY BLADES, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Several motions are currently pending before the Court in this habeas corpus matter, including Petitioner's Motion for Leave to Amend, Motion to Expand the Record, and Motion for DNA Testing and the Appointment of Counsel. (Docket Nos. 31, 34 & 35.) Respondent has also filed a motion seeking dismissal of two claims on the grounds of procedural default. (Docket No. 23.) The parties have fully briefed the issues, and the Court finds that oral argument is not necessary.

For the reasons set forth below, the Court will allow Petitioner to amend his Petition, deny without prejudice his requests for DNA testing, the appointment of counsel, and expansion of the record, and will deny as moot Respondent's Motion for Partial Summary Dismissal.

**Memorandum Decision and Order - 1**

# PETITIONER'S MOTIONS

1. <u>Motion for Leave to File Second Amended Petition</u>

Petitioner first seeks to withdraw a *Brady* claim from consideration (Claim 8 in the First Amended Petition) in order to "save the court time and effort that would go into any memorandum decision on the motion to dismiss." (Docket No. 33, pp. 1-2.) Respondent suggests that the Court should instead dismiss the *Brady* claim with prejudice as procedurally defaulted. (Docket No. 32, p. 3.) The Court is not persuaded by this argument.

Although a party must have the court's permission or the written consent of the adverse party before amending a pleading more than once, *see* Rule 15(a) of the Federal Rules of Civil Procedure, this Court will generally have no hesitation in granting a habeas petitioner's request to remove a claim from consideration. Here, there is no evidence of bad faith, undue delay, or prejudice to Respondent, and the deletion of the *Brady* claim will save the Court from reaching potentially complicated issues of exhaustion, procedural default, and cause and prejudice for that claim, which appear to be implicated by Respondent's Motion for Partial Summary Dismissal.

Petitioner has also included some new facts and legal argument pertaining to other claims in his proposed amended pleading. Respondent has again not shown

**Memorandum Decision and Order - 2**

prejudice in responding to these proposed amendments; he has yet to file an answer, and he may address any new matters in that pleading or a dispositive motion at the appropriate time.

Accordingly, the Motion for Leave to Amend shall be granted.

2.      Motion to Expand the Record

Petitioner next seeks an order expanding the current state court record to include transcripts of pretrial hearings that occurred on the following dates:  June 26, 2002, January 2, 2003, January 6, 2003, June 13, 2003, and August 1, 2003.[1] Petitioner argues that these transcripts will support his claim of judicial bias because the trial judge made hostile and disparaging comments on the record.  *See* Second Amended Petition, Claim 8, pp. 59-72.   Respondent counters that because the transcripts were not before the state appellate court, Petitioner cannot rely on them here.

Rule 5 of the Rules Governing Section 2254 Cases provides a district court with the authority to order that untranscribed recordings be transcribed and furnished.  A district court also has the discretion under Rule 7(a) to expand the

---

[1] Petitioner has withdrawn his request for transcripts from June 19, 2002, and May 4, 2003, as it appears that no hearings occurred on those dates.  (Docket No. 30, p. 6.)  Also, Respondent has since lodged a copy of Petitioner's Supplemental Brief in Support of Petition for Review, rendering his request to include that document moot.

**Memorandum Decision and Order - 3**

existing record with "additional materials relating to the petition." These rules, however, must be construed in harmony with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), and AEDPA requires a federal court to resolve a habeas petition based on the record that was before the state court, unless the failure to develop the record is not attributable to the petitioner or his counsel. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citing 28 U.S.C. § 2254(e)(2)).

Petitioner asserts that he was diligent in attempting to get these transcripts in front of the state appellate courts, as he filed an unsuccessful motion to augment the record on appeal in the Idaho Supreme Court. Although the state court record lodged with this Court includes the Idaho Supreme Court's order (State's Lodging B-8), it does not include a copy of the actual motion that led to the order. As a result, it is unclear whether Petitioner sought to have the same hearings transcribed, and, if so, whether he provided specific reasons for the request. Resolution of these matters would likely be relevant to the question of Petitioner's diligence. Also, at this stage in the proceeding, it is unclear whether an expanded record could even assist Petitioner in establishing any potentially meritorious claims.

Therefore, the Court will deny this Motion as it relates to the transcripts without prejudice to renewal, at Petitioner's option, after Respondent has filed an answer. However, the Court will order Respondent to submit as a supplement to

**Memorandum Decision and Order - 4**

the state court record any motions to augment the record that Petitioner filed in the Idaho Supreme Court or the Idaho Court of Appeals. Respondent shall also submit any objection to the Clerk's Record on Appeal that Petitioner filed in the state district court, or shall indicate to this Court that no such filing could be located.

    3.    <u>Motion for DNA Testing</u>

In Claim 5 of the Second Amended Petition, Petitioner alleges that his Sixth and Fourteenth Amendment right to present a complete defense was violated when the state trial court denied his request for DNA testing on blood found at an uncharged burglary crime scene. Petitioner argues that evidence showing that the blood was not his would have supported his defense against the charged burglaries. He has now moved this Court to order the test, which he has framed as a request for discovery, and he has asked for the Court to appoint counsel to assist him in completing the discovery.

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, the petitioner must first seek leave of court, and leave will be granted only upon a showing of "good cause." Rule 6(a) of the Rules Governing Section 2254 Cases. A petitioner can demonstrate good cause by convincing the court that there is "reason to believe that the petitioner may, if the facts are fully developed, be

**Memorandum Decision and Order - 5**

able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908-09 (*citing Harris v. Nelson*, 394 U.S. 286, 295 (1969)). If good cause is shown, the court may also appoint counsel to assist an indigent petitioner to the extent that counsel is needed for the discovery process to be effective. Rule 6(b) of the Rules Governing Section 2254 Cases.

Again, because the issues have not fully come into focus, and the Court does not have a sufficient basis to determine whether Petitioner may be able to demonstrate that he would be entitled to relief if this discovery request were granted. Accordingly, the Court will likewise deny this Motion without prejudice to renewal after Respondent has filed a responsive pleading on the merits. Petitioner's motion for the appointment of counsel to assist in conducting this discovery shall also be denied without prejudice, and Petitioner has presented no other reason for the Court to reconsider its earlier denial of his request for the appointment of counsel.

### RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL

Because the Court has allowed Petitioner to delete his *Brady* claim, and because Respondent has since conceded that Claim 7 is properly exhausted (Docket No. 27, p. 2), there are no other claims that are subject to Respondent's Motion for Partial Summary Dismissal. That Motion is now moot.

**Memorandum Decision and Order - 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Petitioner's Motion for Leave to File Second Amended Petition Withdrawing Contested *Brady* Claim (Docket No. 31) is GRANTED;

2. Respondent's Motion for Partial Summary Dismissal (Docket No. 23) is DEEMED MOOT;

3. Petitioner's Motion to Allow Additional Case Authority on Motion to Expand Record (Docket No. 34) is GRANTED;

4. Petitioner's Motion to Expand the Record Under Rule 7 (Docket No. 25) is DENIED without prejudice;

5. Petitioner's Motion for DNA Blood Testing (Docket No. 35-1) and Motion for the Appointment of Counsel (Docket No. 35-2) are DENIED without prejudice;

6. Within 60 days of the date of this Order, Respondent shall file an answer to the Second Amended Petition in accordance with Habeas Rule 5.  Also within 60 days of the date of this Order, Respondent shall supplement the current lodging of the state court record with any motions to augment that Petitioner filed in the Idaho Supreme Court or the Idaho Court of Appeals.  Respondent shall also submit any

**Memorandum Decision and Order - 7**

> objection to the Clerk's Record on Appeal that Petitioner filed in the state district court, or shall indicate to this Court that no such filing could be located.

7. All dispositive motions must be filed no later than 30 days from the date that Respondent files an answer. A dispositive motion, such as a motion for summary judgment, shall fully brief the merits of the claims raised and shall contain citations to the record. Responses to dispositive motions are due within 30 days of receiving the motion.

**Memorandum Decision and Order - 8**

Replies shall be filed within 14 days of a response.



DATED:  **May 23, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 9**