IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. LOOMIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. CV-06-157-S-BLW |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| RANDY BLADES, Warden, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

The Court previously entered Judgment dismissing this habeas case with prejudice. Currently pending is Petitioner's Motion to Vacate (Alter or Amend/Reconsider) Judgment Dismissing Habeas Action (Docket No. 76) and Petitioner's Request for Certificate of Appealability (Docket No. 78).

Reconsideration of a final judgment under Rule 59(e) of the Federal Rules of Civil Procedure is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). There are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe*

**MEMORANDUM DECISION AND ORDER - 1**

*R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).  In particular, a losing party cannot rely on a Rule 59(e) motion merely to re-litigate old matters or to offer new arguments that could have been raised before the entry of judgment.  *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

    Here, Petitioner has failed to show any clear errors of law or fact, newly discovered evidence, intervening changes in the law, or manifest injustice that would call for reconsideration of the Court's prior judgment.  In reaching that conclusion, the Court finds that Petitioner's reliance on *Frantz v. Hazey*, 2008 WL 2600143 (9th Cir. 2008), is misplaced.[1]

    In *Frantz*, the Ninth Circuit held that the exclusion of a *pro se* defendant from an in-chambers conference at which his standby counsel appeared on his behalf may have violated the defendant's Sixth Amendment right to self-representation, and it remanded for an evidentiary hearing on that issue.  *Id*. at *17.  By contrast, in the present case, Petitioner has never argued that an attorney was permitted to encroach upon core defense functions that should have been left to him.  As a result, *Frantz* is not apposite to the issues raised in this case, and

---

[1] The Court will grant Petitioner's Motion for Leave to File Brief of Law in Support of Motion to Vacate Judgment to the extent that he wishes to bring this recent case to the Court's attention.

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner's other arguments for reconsideration involve matters that either were or could have been offered before Judgment.  The Motion to Vacate (Alter or Amend/Reconsider) will be denied.

The Court next considers whether Petitioner has demonstrated that he is entitled to a certificate of appealability under 28 U.S.C. § 2253(c).  A certificate of appealability shall issue only when the petitioner can show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues are "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

After reviewing the parties' arguments and the Court's previous Memorandum Decision, the Court concludes that Petitioner's Fifth Claim (alleging error in the state court's failure to permit DNA testing), while not meritorious, is at least sufficiently debatable to proceed on appeal.  Conversely, the Court does not find that its resolution of any other claims or issues in this case would be reasonably debatable, and the certificate of appealability shall not extend to include those matters.

**ORDER**

**MEMORANDUM DECISION AND ORDER - 3**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Leave to File Brief of Law in Support of Motion to Vacate Judgment (Docket No. 82) is GRANTED to the extent that he brings additional case authority to the Court's attention.

IT IS FURTHER ORDERED that Petitioner's Motion to Vacate (Alter and Amend/Reconsider) Judgment Dismissing this Habeas Action (Docket No. 76) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Certificate of Appealability (Docket No. 78) is GRANTED in part and DENIED in part.  The Court shall issue a certificate of appealability over its resolution of the Fifth Claim in the Second Amended Petition.  The certificate shall not include any other claims or issues in this case, though Petitioner is advised that he may seek to broaden the certificate in the Ninth Circuit Court of Appeals accordance with the procedures set out in Local Ninth Circuit Rule 22-1.

IT IS FURTHER ORDERED that the Clerk of Court shall transmit the necessary paperwork to the Ninth Circuit Court of Appeals for docketing of an appeal in a civil case.  Because Petitioner has previously been granted in forma pauperis status (Docket No. 19, p. 4), that status continues on appeal and the

**MEMORANDUM DECISION AND ORDER - 4**

appellate filing fee is waived.



DATED: **August 14, 2008**

_B. Lynn Winmill_
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**